## General Realty Company v. Gold.

*Landlord and tenant—Confession of judgment—Rent payable in advance—Removal of goods.*

1. Unless the lease clearly provides that the rent for the balance of the unexpired term shall be due and payable on the tenant's removing goods from the demised premises and the warrant to confess judgment authorizes the confession of judgment for such rent, the judgment must be stricken off.

2. Where the warrant to confess judgment contemplates an amicable action to recover rent which may become due in advance and authorizes the confession of judgment against the lessee for all damages which may, at any time, arise from his failure to keep the covenants of the lease, judgment may not be entered by confession for rent which became due under the lease by reason of the tenant's removing goods before the expiration of the term.

Rule to strike off judgment. C. P. No. 1, Phila. Co., March T., 1927, No. 4753.

*J. W. Rosenberg* and *D. Levinson,* for plaintiff.

*H. Arronson* and *G. D. Weiss,* for defendant.

PER CURIAM, Nov. 1, 1927.—This is a rule to strike off a judgment entered under a lease for rent alleged to have become due in advance by reason of the tenant's removal of goods from the demised premises.

General Realty Company *v.* Gold.

Unless the lease clearly provides that the rent for the balance of the unexpired term shall be due and payable in the event of the tenant's removing the goods from the demised premises, and the warrant to confess judgment authorizes the confession of judgment for such rent, the judgment must be stricken off.

The affidavit of default alleges that the defendant removed goods from the demised premises, whereby the whole rent for the unexpired term of the lease became due and payable forthwith. There is no clear and express term of the lease providing generally for the payment of the rent for the unexpired portion of the term in any event. The lease provides that the rent for the unexpired portion of the term of the lease shall become due and payable if the "lessee shall become embarrassed, make an assignment for the benefit of creditors, commit an act of bankruptcy, become bankrupt or be sold out by sheriff's sale or any other compulsory procedure or order of court, then the whole rent for any unexpired portion of the term of this lease, or any continuance thereof, shall at once become due and payable as if by the terms of this lease it were payable in advance, and shall first be paid out of the proceeds of any such assignment, sale or procedure, &c."

Clearly this provision has no application under the facts here involved. The other provision provides as follows: "If the lessee shall, at any time during the continuance of this lease, remove, attempt to remove or manifest an intention to remove the goods and chattels out of or off from the demised premises without having first paid and satisfied the lessor in full for all rent which shall become due for any unexpired portion of the term of this lease, or any continuance thereof, then and in such case the lessor shall have the entire right, power and authority to distrain for and collect the rent due for any such unexpired portion of the term of this lease or any continuance thereof in the same manner as if by the terms of this lease the entire rent were payable in advance."

We are not clear whether the right to collect the rent for the unexpired portion of the term is not limited to its collection by distraint. However this may be, we are of the opinion that the warrant to confess judgment is not comprehensive enough to include advance rent. The warrant to confess judgment is very carelessly and unskillfully drawn, and is, no doubt, drawn by attempting to embody the provisions of three or four leases without any attempt to harmonize them. The warrant to confess judgment contains three authorities:

"*(a)* For any attorney to appear for the lessee in any action to be brought for any arrears of rent herein reserved, which may at any time fall due, and for all charges due and payable as rent and for rent made payable in advance, or for damages for the breach of any of the covenants herein contained.

"*(b)* To sign for the lessee an amicable action as of any term, past, present or future, as if suit had been brought for any such arrears in rent, charges payable as rent, rent payable in advance and damages.

"*(c)* Further, in said suits or in said amicable action, any attorney or prothonotary is authorized to confess judgment against the lessee for any and all damages which may at any time arise from the breach or failure of lessee to keep any of the covenants herein contained, as set forth in an affidavit of the lessor, or any one in lessor's behalf, &c."

If the rent for the unexpired portion of the term became due, as claimed by the plaintiff, it could be recovered in an action wherein any attorney was authorized to enter an appearance for the defendant. In such a case, pleadings would be needed and judgment would have to be taken for want of an affidavit of defence. No such thing was done in this case. If an amicable action was entered, the attorney was authorized to include therein any rent

General Realty Company v. Gold.

due in advance if the lease so provided. The plaintiff in the present case included in the amicable action rent alleged to be due in advance.

If the plaintiff sought to recover rent in advance, either by an ordinary action or by an amicable action, the attorney was authorized to confess judgment in either proceeding. The confession of judgment, however, only authorized the attorney in either proceeding to confess judgment for damages for breach of covenant; the warrant to confess judgment being limited to damages, though suit was authorized to be brought or amicable action entered for rent in advance.

Whoever drew the confession of judgment overlooked including in the confession of judgment the things authorized to be included in the suit or amicable action. Judgment by confession must necessarily be limited to the express terms of the warrant, and here the warrant is limited expressly to damages for breach of covenant. Damages for breach of covenant do not include rent payable in advance. There is no authority in the lease authorizing the attorney to confess judgment for rent in arrear or for rent in advance. As there is no authority in the lease to confess judgment for rent in advance we must strike off the judgment.

And now, to wit, Nov. 1, 1927, the rule to strike off judgment is made absolute.